IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE KEY | ) |
| | ) |
| Plaintiff, | ) Case No. 1:21-CV-447 |
| v. | ) |
| | ) |
| GOLDEN PEANUT, LLC | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| Defendant. | ) |

RECEIVED 2021 JUL -1 A 10: 26
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

COMES NOW, George Key (hereinafter "Mr. Key" or "Plaintiff") and hereby files this Complaint against Golden Peanut, LLC (hereinafter "Defendant," or "Golden Peanut"), and as grounds states as follows:

## JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, *42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 2000e-2(b)* (hereinafter "Title VII"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured against discrimination in employment pursuant to 28 U.S.C. §§ 1331, 1343(4).

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on May 14, 2020 (No. 25-2020-00907) for sexual harassment discrimination, hostile work environment and retaliation. The foregoing charges were filed within 180 days of the occurrence of the last respective discriminatory act. Plaintiff received his right to sue on or about April 19, 2020, which was dated May 14, 2020. Copies of the aforementioned EEOC Charge and Dismissal and Notice of Rights are attached hereto as Exhibit 1 and redacted to the Plaintiff's age.

3. The unlawful practices alleged herein were committed by Defendant in Henry County in the State of Alabama. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, is a male citizen of the United States of America, is a resident of the State of Alabama and over under the age of 19. At all times relevant to this action, Mr. Key, was employed by Defendant, Golden Peanut.

5. Defendant Golden Peanut is an employer and is subject to suit under 42 U.S.C. §2000(e) *et seq.* At all times relevant to this action, Defendant has employed at least 15 persons.

## FACTS

6. Plaintiff worked for Golden Peanut from early April 2020 until his

termination on or about April 24, 2020 as a general laborer.

7. The Plaintiff, employed by the Golden Peanut when he complained of sexual harassment, (sexual) hostile work environment and retaliation at the hands a male co-employee named Gilbert Ramirez.

8. Golden Peanut is a business in Headland, AL that operates a peanut processing facility in three countries, United States, South Africa and Argentina including the facility in Headland, AL where Mr. Key was employed.

9. Golden Peanut through its management had direct oversight as the direct supervisor over the Plaintiff while he was employed by Golden Peanut.

10. Mr. Key filed an EEOC charge due to ongoing sexual harassment, hostile work environment and retaliation by Gilbert Ramirez, and an employee named Patrick (last name unknown) after complaining against his unwelcome sexual harassment treatment and hostile work environment.

11. Mr. Key complained that Mr. Ramirez sexually harassed him while he worked for Golden Peanut, by Mr. Ramirez who approached Mr. Key, in a sexual manner and said that he would pay for sex with Mr. Key while Ramirez put his hands on Mr. Key's shoulder and attempted to massage Mr. Key.

12. Mr. Key rejected the advance and was visibly upset to the point, that another employee, James Thompson said he thought the encounter would escalate into a physical altercation. (See Exh. 3). This act by Ramirez was intentional and he felt it was okay based on Defendant's lack of control of a sexually persuasive work

environment that permeated Golden Peanut's Headland location.

13. After Mr. Key complained via the Defendant's Human Resources hotline about the illicit sexual harassing behavior, the Defendant conducted a flawed investigation and then retaliated against Mr. Key for reporting the sexual harassment on or about April 24, 2020, using his temporary status as a pretext to cover illegal sexual harassment.

14. The Plaintiff, Mr. Key also suffered a second sexual harassment encounter when a Golden Peanut employee named Patrick (LNU) threatened to to put an air hose up Mr. Key's butt, stating, "bend over and I'll show what to do with that hose." Mr. Key again reported this illicit behavior to the Defendant, who retaliated against Mr. Key with termination and also admonished Mr. Key citing his behavior for allegedly called the employee a "honky" of which Mr. Key denied

15. Because of the ongoing violation of Mr. Key's rights to be free from unwelcome sexual harassment and the subsequent retaliatory termination from employment, Mr. Key suffered loss of enjoyment of life, humiliation, embarrassment, isolation, loss income, financial hardships, emotional distress and mental anguish.

## COUNT I—TITLE VII SEXUAL HARASSMENT CLAIMS

16. The Supreme Court, has interpreted the statute to prohibit certain forms of harassment, including sexual harassment under Title VII. The Defendant committed sexual harassment against the Plaintiff with respect to the terms and conditions of his employment. Title VII of the Civil Rights Act of 1964, prohibits

4

employers from discriminating against employees and applicants for employment on the basis of race, color, religion, age, national origin, and sex. Title VII is designed to ensure that employment decisions are made based on objective, job-related criteria. Here the employer, Golden Peanut's permitted the behavior complained of by lack of control and sanctioning of a work environment where employees felt sexual harassment was acceptable, including the acts committed by Ramirez and Patrick (LNU) as stated herein above in the facts.

17.    The sexual harassment of the Plaintiff was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of his employment. Golden Peanut used its authority as management to further the unlawful harassment of the Plaintiff. Finally, Defendant knew or should have known of Ramirez, Patrick (LNU) propensity to act unlawfully and did not take prompt, effective remedial action before or after the reported sexual harassment.

18.    Defendant's creation of a sexually hostile work environment is in violation of Title VII and the Defendant is thus liable under Title VII for Ramirez and Patrick (LNU) conduct. Such conduct proximately caused Plaintiff to suffer great emotional distress and trauma for which he claims compensatory and punitive damages from Defendant. Thus, management, including, Emmanuel Bankston, Jon Songer and Cory Thompson subjected Plaintiff to working conditions in violation of Title VII and Defendant is liable under Title VII for such harassment and retaliation.

19. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, punitive damages, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

## COUNT II -RETALIATION

20. Plaintiff has been retaliated against by termination of employment for opposing sexual harassment in Employment after reporting the harassment to the Defendant's Human Resource Alert Line.

21. The effect of the Defendant's retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, as amended.

22. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

23. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

24. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive,

6

declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

25. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

26. This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## COUNT III. HOSTILE AND ABUSIVE WORKING ENVIRONMENT UNDER TITLE VII

27. Namely, that Defendant with intent to retaliate against the Plaintiff, failed to prevent Ramirez and Patrick (LNU) from committing acts of harassment, and retaliated against Mr. Key by terminating his employment and other inappropriate disciplinary actions including counseling and suspension without pay.

28. Plaintiff has no plain, adequate, or complete remedy at law to redress the retaliatory wrongs alleged, other than this action, for wage losses, suffering of emotional distress and mental anguish, punitive damages, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

29. Plaintiff's complaints of harassment and retaliation were motivating factors in Defendant's decision to discipline and eventually terminate Mr. Key.

30. As a proximate result of this Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages as set forth herein as Defendant acted with reckless indifference to Plaintiff's federally protected rights.

31. The totality of the conduct described above such as the harassment, and retaliation after Plaintiff complained to the Defendant the harassment and retaliation actions against him, constitutes a hostile and abusive working environment, ongoing in nature and violation of the Civil Rights Act of 1964.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII;

2. Grant the Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3. Issue an injunction ordering this Defendant: (1) not to engage in gender discrimination, sexual harassment or retaliation; (2) ordering Defendant to

establish written policies and procedures against such discriminatory conduct; (3) and to establish a grievance procedure for reporting such conduct;

4. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), and by awarding plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted, on this the 30th Day of June 2021 by:

**REGINALD D. MCDANIEL**
Attorney for Plaintiff
Alabama Bar No. 7676-L73M
3720 4th Avenue South
Birmingham, AL 35222
205.433.6130 office
205.222.8656 mobile
rdm@reginaldmcdaniel.com

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL TO ITS REGISTERED AGENT AT:**

9